## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DEANNE M. ALEXANDER, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>DEPARTMENT OF THE AIR FORCE, )<br>)<br>Defendant. ) | File No. _____ |

## COMPLAINT AND JURY DEMAND

NOW COMES Plaintiff, Deanne M. Alexander, by her undersigned attorney, William L. Berry of William Berry & Associates, LLC, and for her Complaint directed against Defendant, United States of America, Department of the Air Force, states:

## GENERAL ALLEGATIONS

1. At all times set forth herein, Plaintiff was a civilian, married to an active member of the United States Air Force, Sergeant Demetrius W. Alexander, and as a dependent, was authorized to receive and did receive medical treatment by physicians and medical staff in the service of Defendant, Department of Air Force.

2. On and before July 5, 2012, Major Joseph Huseman, M.D., and Major Catherine E. Noble, M.D., were physicians, serving as Officers of the Department of the Air Force and, in their normal course of their duties, providing medical services to members of the United States Air Force and their dependents, including Plaintiff.

3. Plaintiff files this Complaint pursuant to the Federal Tort Claims Act, 28 USC §1346(b). Jurisdiction of this Court is established pursuant to said Act, as well as the provisions of 28 USC §2671-2680.

4. Pursuant to 28 USC §2675, and 28 CFR, §14.4, Plaintiff filed her claim by instituting the administrative action with the appropriate offices of the Department of the Air Force. By letter of October 23, 2014 the Department of the Air Force, by and through its Chief of the Medical Law Branch, Claims and Tort Litigation Division, denied the claim for personal injuries asserted by Plaintiff. A copy of that letter is attached hereto and marked as "Exhibit A". This cause is filed within six months of the date of that letter.

## ALLEGATIONS OF FACT
## (MEDICAL MALPRACTICE)

5. Prior to July 4, 2012, Plaintiff was diagnosed as pregnant, and received medical care and treatment from Major Joseph Huseman, M.D., as to all pre-delivery care. At all times set forth herein, Major Huseman, M.D. was serving as an Officer of the Department of the Air Force and was acting as a medical physician in the course of the performance of his duties as said Officer, as required in 28 USC §26.71.

6. At all times set forth herein, Captain Catherine E. Noble, M.D., was an Officer in the United States Air Force, and in the course of her duties as said Officer, provided medical care and treatment to members of the United States Air Force and their dependents, including Plaintiff. At all times set forth herein, Captain Noble, M.D. performed medical services within the scope of her duty as a member of said military force pursuant to 28 USC §26.71.

7. Prior to July 4, 2012, and during the course of his treatment of Plaintiff during her pregnancy, Major Huseman, M.D., advised Plaintiff that he had diagnosed a condition which he described as "extra lobe placenta". Major Huseman, M.D., further advised Plaintiff that upon delivery of the child, the placenta would have to be completely removed from the uterus or she would sustain injury as a result of infection, including hemorrhaging, following the birth.

8. On July 5, 2012, Plaintiff was admitted to St. Elizabeth's Hospital, Belleville, Illinois, in labor, and was under the primary care of Major Huseman, M.D. Plaintiff remained in said hospital, under the care of Major Huseman, M.D. through the delivery and post-delivery treatment until her discharge on July 7, 2012.

9. Upon admission to St. Elizabeth's Hospital, Majort Huseman, M.D. was assisted by Captain Catherine E. Noble, M.D., and Plaintiff was, from that time forward, also under the care of Sergeant Noble, M.D.

10. On July 5, 2012, after admission, Plaintiff, while under the primary care of Major Huseman, M.D., and the assistance of Captain Noble. M.D., delivered a six pound, fourteen and one-half ounce male child.

11. Following the delivery of said child on July 5, 2012, Major Huseman, M.D., with the assistance of Captain Noble, M.D., initiated the procedure for the removal of the placenta from the uterus and, following said procedure, advised Plaintiff that said placenta had been entirely removed, consistent with the advisories extended by Major Huseman, M.D., prior to the date of delivery.

12. Plaintiff was discharged on July 7, 2012, with instructions to return to the hospital in the event she experienced certain symptoms, including nausea and fever. Plaintiff was not instructed to schedule an appointment with Major Huseman, M.D. or Captain Noble, M.D.

13. On July 19, 2012, Plaintiff experienced an onset of nausea, vaginal and uterine pain, and a vaginal discharge and, as a result, sought treatment at the Emergency Room of Memorial Hospital, Belleville, Illinois. Plaintiff was admitted to the hospital on July 20, 2012 and, subsequently, underwent a Dilation and Curettage (D&C) at which time necrotic sections of the placenta were surgically removed. At the time of her admission, Plaintiff was diagnosed

with vaginal and uterine infection resulting from sections of the placenta remaining following delivery and said sections become necrotic.

14. At all times set forth herein, Major Huseman, M.D. and Captain Noble, M.D., as physicians and Officers of the Department of the Air Force, and therefore the United States of America, Department of the Air Force, by and through said officers, had a duty to perform the necessary medical service and treatment to Plaintiff within the standard of care imposed upon said physicians, as gynecologists and obstetricians, practicing in Belleville, St. Clair County, Illinois, and the St. Louis Metropolitan area.

15. At all times set forth herein, Defendant, United States of America, Department of Air Force, by and through its officers, Major Huseman, M.D. and Captain Noble, M.D., was negligent, in that said officers committed one or more of the following acts or omissions, and by so doing, deviated from the standard of care imposed upon said physicians practicing in gynecology and obstetrics, in Belleville, St. Clair County, Illinois and the St. Louis Metropolitan area:

    (a) Failed to completely remove the placenta from the uterus, immediately following surgery;

    (b) Failed to provide adequate instructions to Plaintiff as to post delivery care, subsequent to her discharge from the hospital;

    (c) Failed to prescribe the proper medication to protect Plaintiff from the development of infection, post-delivery;

    (d) Failed to schedule an appointment within a reasonable time following discharge from the hospital in order to evaluate Plaintiff's condition post-delivery;

    (e) Discharged Plaintiff from the hospital, immediately following the delivery, without properly ascertaining whether Plaintiff was susceptible to uterine infection;

    (f) In failing to remove the placenta from the uterus, immediately post-delivery, permitted the tissue to become infected and necrotic.

16. As a proximate result of one or more of the foregoing negligent acts or omissions, and the resulting deviation from the standard of medical care owed by Defendant, through its officers, serving as physicians, to Plaintiff, Plaintiff has been required to undergo multiple medical procedures due to the vaginal and uterine infection and, thereby incurring additional medical treatment and costs.

17. As a further proximate result of one or more of the foregoing negligent acts or omissions, resulting in a deviation from the medical standard of care imposed upon Defendant, and its officers, serving as physicians, Plaintiff has experienced, and will continue to experience, significant vaginal pain, bleeding and discharge, reduced physical and sexual activity and will be prevented from carrying and naturally delivering children in the future.

18. As a further proximate result of one or more of the foregoing negligent acts or omissions constituting the deviation from the medical standard of care as set forth above, Plaintiff has incurred medical expenses and will be required to incur medical expenses in the future.

19. At all times set forth herein, there was in effect, in the State of Illinois, a statutory provision, 755 ILCS 5/2-622, requiring Plaintiff to secure from a physician or physicians, engaged in the practice of gynecological and obstetric medical care, an opinion that upon review of the medical records, sufficient facts exist to allow Plaintiff to assert a cause of action against the Defendants who are licensed and treating physicians, and asserting that said physicians committed acts or omissions that are not in conformance with the standard of care existing in the County of St. Clair and St. Louis Metropolitan area. Plaintiff files this cause of action pursuant to 755 ILCS 5/2-622 in order to avoid the tolling of the statute of limitations, but affirms that the Affidavit, required by the foregoing statutory section, identifying a written report as required by

that statute, will be filed within ninety days of the filing of this Complaint, pursuant to Section 2-622(b) (755 ILCS 5/2-622(b).

WHEREFORE, Plaintiff prays this Court for judgment in her favor, and against Defendant, United States of America, Department of the Air Force, for a fair and reasonable sum in excess of $50,000.00, plus costs of suit.

WILLIAM BERRY & ASSOCIATES, LLC

BY: _____
William L. Berry #0198676
300 West Clay Street
Collinsville, Illinois 62234
(618) 344-0034  Fax: (618) 344-3853
wberry@wberry.com

**PLAINTIFF DEMANDS TRIAL BY JURY**