IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DEANNE M. ALEXANDER,

Plaintiff,

v.

DEPARTMENT OF THE AIR FORCE,

Defendant.                                            Case No. 15-CV-448-DRH-PMF

## ORDER

**HERNDON, District Judge:**

    This matter comes before the Court for case management. On July 20, 2015, Plaintiff Deanne M. Alexander filed a motion to amend/correct her complaint (Doc. 3). The Court granted plaintiff's motion to amend the following day, but no amended complaint was filed. Thereafter, on August 24, 2015, the Court entered a notice of impending dismissal for failure to effect service against the defendant (Doc. 5). That same day, plaintiff requested that a summons be issued. However, the summons requested did not provide the name, firm and address of the attorney on whom the answer or motion must be served, as required beneath the second section of the summons. Additionally, the Court noted that an amended complaint was not on file in this matter at the time the summons was requested. Simply attaching an amended complaint to the summons requested does not deem it filed (Doc. 9).

After two failed attempts to request a summons, on October 14, 2015— one month after the Court alerted plaintiff's counsel to the fact that no amended complaint was on file— the Court entered its second notice of impending dismissal for want of prosecution for failure to serve the defendant. (Doc. 10). The Court also directed plaintiff to file her amended complaint or effect service against defendant Department of the Air Force Action, no later than November 4, 2015, or face dismissal (Docs. 10 & 11).

Plaintiff failed to serve the defendant, or file her amended complaint by the specified date, November 4, 2015. Thereafter, on November 5, 2015, the plaintiff improperly filed her amended complaint as an "Amended Document", thus leading the Clerk to strike the document (Doc. 13). Following the notice striking the amended complaint, the Court called Plaintiff's attorney to inform his office of the proper way in which to file the amended complaint to prevent further delays in this case. However, no amended complaint was ever properly refiled.

As one final warning prior to dismissal, the Court once again directed Plaintiff Alexander to properly file her amended complaint, stating that she must file her amended complaint no later than December 14, 2015, or face dismissal of this action for failure to prosecute. As of this date, no amended complaint is on file and no service of process of the original complaint has been accomplished.

Therefore, as a result of Plaintiff's failure to effectuate service or file an amended complaint by the Court's specified dates, the Court finds that dismissal is warranted. The Seventh Circuit Court of Appeals has found:

> A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g., Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir.2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because [t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible." *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198B99 (7th Cir. 1993)(quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir. 1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilic Constr. Co. v. Missbrenner*, 106 F.3d 768, 769B70 (7th Cir. 1997).

*In re Nora*, 417 Fed.Appx. 573, 575 (7th Cir. 2011).

Accordingly, the Court **DISMISSES without prejudice** Plaintiff Alexander's cause of action for failure to prosecute. The Clerk of the Court is **DIRECTED** to close the file.

**IT IS SO ORDERED.**

Signed this 21st day of December, 2015.

Digitally signed by Judge David R. Herndon
Date: 2015.12.21 13:41:01 -06'00'

**United States District Judge**